22069

Stanley L. COLLINS, d/b/a M & R Wrecker Service, Appellant, v. CITY OF SPARTANBURG, Respondent.

Thurman WOOD, d/b/a Wood's Service Center, Appellant, v. CITY OF SPARTANBURG, Respondent.

(314 S. E. (2d) 332)

Supreme Court

*H. Spencer King* of *King & Cothran,* Spartanburg, *for appellants.*

*Thomas Emmet Walsh* and *William E. Walsh,* both of *Gaines & Walsh,* Spartanburg, *for respondent.*

March 27, 1984.

GREGORY, Justice:

Appellants Stanley L. Collins, d/b/a M & R Wrecker Service (M & R) and Thurman Wood, d/b/a Wood's Service Center (Wood's) appeal from an order of the circuit court which found a zoning ordinance of respondent City of Spartanburg as applied to appellants reasonable, legal, and constitutional. We affirm.

M & R is a business principally engaged in the towing and storage of vehicles. Wood's is principally an automobile filling station and is ancillarily engaged in the towing and storage of vehicles.

In 1973, a 1950 Spartanburg zoning ordinance was amended thereby causing appellants' use of their properties as long-term storage yards to become nonconforming use. The ordinance provided for a five year amortization period after which nonconforming uses must be eliminated.

Appellants brought actions for declaratory judgment, seeking restraining orders and a determination of the parties' rights and responsibilities. The circuit court dismissed the complaints, finding the ordinance was reasonable, legal, and constitutional.

Appellants rely on *James v. City of Greenville*, 227 S. C. 565, 88 S. E. (2d) 661 (1955), to support their position that the ordinance is unconstitutional. *James*, however, may be distinguished from the facts of this case. In *James*, the amortization period was one year and was applied indiscriminately to all nonconforming uses. The owner had purchased and converted a two story residence, after adding two rooms, into three complete apartments. He later equipped and established on the remainder of the property a trailer court which would accommodate twenty-five trailers, nine of which were owned by James. Additionally, no evidence was presented that established the owner's use of his property had any detrimental effect on the value of surrounding property or on the health, safety, or welfare of the public.

In this case, the amortization period is five years and applied only to properties used for storage yards, auto wrecking, and junk yards. Wood and Collins had very little invested in their towing and storage businesses. Collins leased the property he used as a storage yard and testified there was property outside the city which was available to him for long-term storage. Wood owned his property and testified at the hearing that he was storing vehicles on a long-term basis at a location outside the city. And, in this case, evidence was presented that the storage yards were breeding grounds for rats and other vermin and the properties were unsightly due to accumulated trash, debris, and weeds.

Counsel for appellants conceded at oral argument that the majority of jurisdictions hold amortizations provisions of zoning ordinances are valid, if reasonable. *See Annot.*, 22 A.L.R. (3rd) 1134 (1968).

In his concurring opinion in *James, supra*, joined by Justices Stukes and Oxner, Justice Legge indicated that amortization periods may be valid if the continuance of a nonconforming use would be detrimental to the public health, safety, morals, or general welfare.

Appellants did not except to the circuit court's findings (1) that the continued use of appellants' properties as storage yards had a detrimental effect on surrounding property values and posed a threat to the health, safety, and welfare of the community, and (2) that enforcement of the ordinance would impose no undue hardship on appellants. Balancing the public

gain against the private loss, we conclude the amortization provision of the zoning ordinance is reasonable and valid. *See Annot.*, 22 A.L.R. (3rd) 1134 (1968).

Appellants' other exceptions were not preserved in the record.

Accordingly, the order of the circuit court is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.